UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BRYAN AGOSTINHO,

Plaintiff,

**JURY TRIAL DEMANDED**

v.

BOUTIQUE HOTELS AMERICA, LLC, a
foreign limited liability company, and
SHUTTERS ON THE OCEAN, LLC, a
Florida limited liability company d/b/a
LAUDERDALE BEACHSIDE HOTEL,
and HANNA KARCHO,

Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, BRYAN AGOSTINHO, ("AGOSTINO"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, BOUTIQUE HOTELS AMERICA, LLC, a foreign limited liability company, (hereinafter "BOUTIQUE"), SHUTTERS ON THE OCEAN, LLC, a Florida limited liability company d/b/a LAUDERDALE BEACHSIDE HOTEL, (hereinafter "LBH"), and HANNA KARCHO, (hereinafter "KARCHO"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* hereinafter "FLSA".

## JURISDICTION

2.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.   At all times pertinent to this Complaint, the corporate Defendants were enterprises engaged in interstate commerce.   At all times pertinent to this Complaint, the corporate Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3.   The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

4.   The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

5.   The venue of this Court over this controversy is based upon the following:

    a.   The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

    b.   Defendants were and continue to be a companies and an individual doing business within this judicial district.

## PARTIES

6. At all times material hereto, Plaintiff, AGOSTINHO, was and continues to be a resident of Lauderdale-by-the-Sea, Broward County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

7. At all times material hereto, Defendants, BOUTIQUE and LBH were conducting business in Fort Lauderdale, Broward County, Florida, with their principal place of business in that city.

8. At all times material hereto, Defendants, BOUTIQUE, LBH and KARCHO were the employers of Plaintiff.

9. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

10. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA.

11. Defendants committed a willful and unlawful violation of the FLSA and therefore are liable for monetary damages.

12. At all times material hereto, corporate Defendants were and continue to be "enterprise[s] engaged in commerce" within the meaning of the FLSA.

13. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

14. Defendant, KARCHO supervised the work of the Plaintiff and was involved in the day-to-day operations of the Defendant corporations.

15.   During the relevant time period, Defendant, KARCHO was directly involved in decisions affecting employee compensation and/or hours worked by the Plaintiff.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### STATMENT OF FACTS

17. From on or about December 1, 2008 to on or about February 1, 2009, and then from on or about April 1, 2009 to about November 9, 2009, Plaintiff was employed by the Defendants to work as a manager at the Defendants' hotel.

18. Defendants paid Plaintiff an hourly rate of about $11.00 per hour.

19. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiff.

20. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

### STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

21.   Plaintiff repeats and realleges Paragraphs 1 through 20 as if fully set forth herein.

22.   Plaintiff's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

23.   During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his

hours.  Plaintiff was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

24. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants.  Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

25. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, AGOSTINHO, at the statutory rate it knew or should have known such was due.

26. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

27. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

28. Due to the willful and unlawful acts of the Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

29.  Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a.   Declaring that the Defendants, violated the overtime provisions of 29

U.S.C. § 207;

b.   Awarding Plaintiff overtime compensation in the amount calculated;

c.   Awarding Plaintiff liquidated damages in the amount calculated;

d.   Awarding Plaintiff reasonable attorney's fees and costs and expenses of

this litigation pursuant to 29 U.S.C. § 216(b);

e.   Awarding Plaintiff post-judgment interest; and

f.   Ordering any other and further relief this Court deems to be just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: February 4, 2010.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2500 Hollywood Boulevard
Suite 411
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: _____
       PETER BOBER
       FBN: 0122955
       SAMARA ROBBINS BOBER
       FBN: 0156248